# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| NELSON ESTRADA<br><br>    *Plaintiff,*<br><br>v.<br><br>ARAGON ADVERTISING, LLC<br><br>    *Defendant.* | Case No.: 4:23-cv-3407<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Nelson Estrada ("Plaintiff"), individually and on behalf of all other persons similarly situated, brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Aragon Advertising, LLC ("Defendant" or "Aragon Advertising") to stop Defendant's practice of making unsolicited telemarketing calls to the telephones of consumers nationwide—including calls made using artificial or prerecorded voices—and to obtain redress for all persons injured by their conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I.  INTRODUCTION

1.  "The right to be let alone is indeed the beginning of all freedom."[1] Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2.  Defendant Aragon Advertising, LLC ("Aragon Advertising") is a company formed under New York law with an address in New York.

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

3.　　In an effort to solicit potential customers, Defendant recruited, or employed, call centers, which began making telephone calls on behalf of its various brands, *en masse*, to consumers across the country. On information and belief, Defendant, and or their agents, purchase leads from multiple lead generators that obtain consumer contact and demographic information from a number of sources.

4.　　Defendant conducted wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones—whose numbers appear on the National Do Not Call Registry—without consent and using pre-recorded voice technology, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

5.　　The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers registered on the National Do Not Call Registry ("DNC"), and an award of statutory damages to the members of the Class under the TCPA up to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

6.　　By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited, pre-recorded voice, and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

7.　　Defendant repeatedly made unsolicited calls to Plaintiff's cellular telephone in violation of the TCPA.  Defendant made at least 37 (thirty-seven) unauthorized and illegal calls

and/or texts to Plaintiff's cell phone using a pre-recorded voice, and/or calling Plaintiff despite him being on the DNC list and their internal do not call list. Defendant also called Plaintiff after he clearly stated he did not wish to be called again.

## II.     PARTIES

8.     Plaintiff NELSON ESTRADA is a natural person and citizen of the United States who resides in Harris County, Texas.

9.     Defendant Aragon Advertising, LLC is a company formed under New York law with its address at 45 Main St, Ste 816, Brooklyn, NY 11201-1076. Upon information and belief, Aragon Advertising has two shareholders: Todd Stearn and Jason Kilby. Upon information and belief, Todd Stearn is domiciled at 55 Peach Drive, Roslyn, New York 11576. Upon information and belief, Jason Kilby is domiciled at 27 W 75TH St, New York, NY 10023-2036. Aragon Advertising may be served via its agent for service of process Todd Stearn at 66 Mineola Ave, #1355, Roslyn Heights, NY, United States, 11577.

10.     Plaintiff does not yet know the identity of Defendant's employees/agents that had direct, personal participation in, or personally authorized, the conduct found to have violated the statute, and were not merely tangentially involved. They will be named, as numerous District Courts have found that individual officers/principals of corporate entities may be personally liable (jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the conduct found to have violated the statute and were not merely tangentially involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d

736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy. 2011) ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as Defendants.

11.     Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant, or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.     JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

13.     The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

### IV.     LEGAL BASIS FOR THE CLAIMS

15.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can

be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

16. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

17. In its initial implementation of the TCPA rules, the Federal Communications Commission ("FCC") included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

18. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[2] the TCPA and FCC rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(9).

- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations to residences that use an artificial voice or a recording.

- Prohibits any call or text made using an artificial or prerecorded voice to a wireless device or telephone.

- Prohibits any call made using an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a telephone, or any service for which the recipient is charged for the call.

- Prohibits autodialed calls that engage two or more lines of a multi-line business.

- Prohibits unsolicited advertising faxes.

- Prohibits certain calls to members of the Do-Not-Call Registry

19.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

20.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

21.     There are just a handful of elements need to be proven for violations of the Artificial or Prerecorded Voice and Do Not Call provisions of the TCPA.

**A.     ARTIFICIAL OR PRERECORDED VOICE VIOLATIONS OF THE TCPA**

22.     <u>Using an Artificial or Prerecorded Voice</u>. 47 U.S.C. § 227(b) makes it unlawful to initiate calls to any cell phone or residential phone using an artificial or prerecorded voice "to deliver a message without the prior express consent of the called party" and any person who has received such a call may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

**B.     DO NOT CALL VIOLATIONS OF THE TCPA**

23.     <u>More Than One Call within Any 12 Month Period</u>. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

24.     <u>Calls to Residential Lines on the Do Not Call List</u>. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

25.    <u>Or, Wireless Lines on the Do Not Call List</u>. Owners of wireless telephone numbers (aka mobile or cellular phones) receive the same protections from the Do Not Call provision as owners or subscribers of wireline ("landline") phone numbers. 47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

26.    <u>The Affirmative Defense of Prior Express Consent</u>. Defendant has the burden to prove it obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed. 47 C.F.R. § 64.1200(c)(2)(ii).

## V.    COMMON FACTUAL ALLEGATIONS

27.    Defendant is in the business of advertising on behalf of other companies and is based in New York. In an effort to solicit potential customers, Defendant recruited, or employed, call centers which began making telephone calls, *en masse*, to consumers across the country. On

information and belief, Defendant and or its agents purchase leads from multiple lead generators that obtain consumer contact and demographic information from a number of sources.

28.     In Defendant's overzealous attempt to market its services, it placed phone calls to consumers who never provided consent to call and to consumers having no relationship with Defendant. Worse yet, Defendant placed repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here. Furthermore, Defendant utilized pre-recorded voices to contact consumers in order to market to them.

29.     Defendant knowingly made these telemarketing calls without the prior invitation of the call recipients, and knowingly continue to call them after requests to stop. Defendant did not have prior express written consent to contact consumers using pre-recorded voices. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## VI.     FACTS SPECIFIC TO PLAINTIFF ESTRADA

30.     On or about June 24, 2008, Plaintiff registered his residential cellular phone number with the area code (281) and ending in 0020 with the National Do Not Call Registry.

31.     During 2022, Plaintiff received calls on his residential cellular telephone line from Defendant offering advertising services that included pre-recorded voice calls and calls from individuals working on behalf of Defendant.

32.     Plaintiff is the regular carrier and exclusive user of the residential telephone assigned the number ending in 0020.  The number is assigned to a cellular telephone service for which Plaintiff is charged for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33.     Plaintiff does not have a business relationship with Defendant.

34.     Plaintiff has not provided Defendant with prior consent or written invitation to contact him on his phone via a text message or a telephone call in at least the past five years, if ever, and told Defendant multiple times to remove him from any internal call lists and to stop calling him.

35.     Nonetheless, Defendant called Plaintiff many times. Thus, Defendant called Plaintiff at least 37 (thirty-seven) times during a twelve-month period, including with the use of pre-recorded voice technology.

36.     Defendant's unsolicited telemarketing calls during the day caused Plaintiff extreme aggravation and occupied his telephone line. He repeatedly told Defendant he was not interested; however, Defendant continued to call him.

37.     Plaintiff has reason to believe Defendant called thousands of telephone customers listed on the DNC to market its products and services.

38.     Plaintiff's overriding interest is ensuring Defendant cease all illegal telemarketing practices and compensate all members of the Plaintiff Class for invading their privacy in the manner the TCPA was contemplated to prevent.

39.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice and text calls to cell phones.

40.     On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendant to cease all illegal telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## VII.   STANDING

41.     Plaintiff has standing to bring this suit on behalf of himself and the members of the class under Article III of the United States Constitution because Plaintiff's claims states: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 578 U.S. 330 (2016) at 6; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### A.   INJURY IN FACT

42.     Plaintiff has standing to bring this suit on behalf of himself and the members of the class under Article III of the United States Constitution because Plaintiff's claims states: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo*, 578 U.S. at 338; *Robins v. Spokeo,* 867 F.3d 1108 (9th Cir. 2017) (cert denied. 2018 WL 491554, U.S., Jan. 22, 2018); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016).

43.     Plaintiff's injury must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution. *Id*.

44.     For an injury to be concrete it must be a de facto injury, meaning it actually exists. In the present case, Plaintiff took the affirmative step of enrolling on the National Do-Not-Call Registry for the purpose of preventing marketing calls to his telephone. Such telemarketing calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are present in this case.  *See Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016).

45.     Furthermore, the Third Circuit recently stated, Congress found that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the

solitude of their recipients," (*Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017)) and sought to protect the same interests implicated in the traditional common law cause of action. Put differently, Congress was not inventing a new theory of injury when it enacted the TCPA. Rather, it elevated a harm that, while "previously inadequate in law," was of the same character of previously existing "legally cognizable injuries." *Spokeo*, 578 U.S. at 341. *Spokeo* addressed, and approved, such a choice by Congress. *Susinno v. Work Out World Inc.,* No. 16-3277, 2017 WL 2925432, at *4 (3d Cir. July 10, 2017).

46.     For an injury to be particularized means that the injury must affect the Plaintiff in a personal and individual way. *See Spokeo*, 578 U.S. at 339. Furthermore, Plaintiff is the individual who pays for the phone, and is the regular carrier and user of the phone. All of these injuries are particular to Plaintiff.

**B.     TRACEABLE TO THE CONDUCT OF DEFENDANT**

47.     Plaintiff must allege, at the pleading stage of the case, facts to show that his injury is traceable to the conduct of Defendant. In this case, Plaintiff satisfies this requirement by alleging that Defendant, and/or agents of Defendant on behalf of Defendant, placed illegal calls to Plaintiff's phone.

48.     In the instant case, Defendant placed many calls to Plaintiff's wireless/cellular phone in 2022.

49.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## C. INJURY LIKELY TO BE REDRESSED BY A FAVORABLE JUDICIAL OPINION

50.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayer for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class. Furthermore, Plaintiff's Prayer for Relief requests injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future.

51.     Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016) and in the context of a TCPA claim, as explained by the Ninth Circuit in *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016), Plaintiff has standing to sue Defendant on the stated claims.

## VIII.   CLASS ACTION ALLEGATIONS

## A.   CLASS ALLEGATIONS

52.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the following class defined as follows (the "Class"):

> **<u>"Prerecorded Voice Class"</u>:** All individuals in the United State who, in the four years preceding this action: (1) received any solicitation/telemarketing telephone calls or messages made by or on behalf of Defendant; (2) through the use of an artificial or prerecorded voice within the four years prior to the filing of this Action through the date of class certification.

> **<u>"DNC[3] Class"</u>:** All individuals in the United State who, in the four years preceding this action: (1) received more than one telephone call made by or on

---

[3] "DNC" referenced herein refers to the National Do Not Call Registry, established pursuant to 47 U.S.C. 227(c) and the regulations promulgated by the FCC.

behalf of Defendant within a 12-month period; (2) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

53.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's counsel and Defendant's counsel; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released; and (7) persons for whom Defendant has proof of legally sufficient consent to call those persons.

54.     This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

55.     Plaintiff reserves the right to expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

56.     Plaintiff and members of the Classes were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Classes' members *via* their telephones, after Plaintiff and the Classes' members took the affirmative step of registering their numbers on the DNC, and/or contacted Plaintiff and members of the Classes using a pre-recorded voice for telemarketing purposes without first obtaining prior express consent.

**B.     NUMEROSITY**

57.     The exact sizes of the Classes are unknown and not available to Plaintiff at this

time, but it is clear individual joinder is impracticable.

58.     On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

**C.     COMMONALITY AND PREDOMINANCE**

59.     There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

60.     Common questions for the Prerecorded Voice Class include, but are not necessarily limited to the following:

> a.     Whether Defendant's conduct violated the TCPA;
>
> b.     Whether Defendant systematically made telephone calls to consumers who did not previously provide Defendant and/or their agents with express written invitation;
>
> c.     Whether Defendant made those calls using a prerecorded voice;
>
> d.     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and
>
> e.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

61.     Common questions for the DNC Class include, but are not necessarily limited to the following:

> a.     Whether Defendant's conduct violated the TCPA;
>
> b.     Whether Defendant systematically made telephone calls to consumers who

did not previously provide Defendant and/or their agents with express written invitation;

c.   Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

d.   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

e.   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

**D.   TYPICALITY**

62.   Plaintiff's claims are typical of the claims of the other members of the Classes.

63.   Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

**E.   ADEQUATE REPRESENTATION**

64.   Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions.

65.   Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

**F.   POLICIES GENERALLY APPLICABLE TO THE CLASSES**

66.   This class action is appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Classes' members, and making final injunctive relief appropriate with respect to the Classes as a whole.

67.     Defendant's practices challenged herein apply to and affect the Classes' members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

## G.     SUPERIORITY

68.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

69.     The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

70.     Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct.

71.     Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

72.     By contrast, class actions presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## IX.     FIRST CAUSE OF ACTION

### VIOLATION OF TCPA, 47 U.S.C. § 227(b)
### ("Prerecorded Voice Claim")

73.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

74.    47 U.S.C. § 227(b) provides that it "shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States [] to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party… ." Any person who has received a call or message in violation of this provision may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

75.    Defendant made unsolicited telephone calls using prerecorded voices to Plaintiff and members of the Prerecorded Voice Class within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the Prerecorded Voice Class never provided any form of consent to receive telephone calls from Defendant. Accordingly, Defendant violated 47 U.S.C. § 227(b)(1)(B).

76.    As a result of Defendant's conduct as alleged herein, Plaintiff and the Prerecorded Voice Class suffered actual damages and, under section 47 U.S.C. § 227(b), are each entitled, *inter alia*, to receive up to $500 in damages for such violations.

77.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the members of the Prerecorded Voice Class.

## X.    SECOND CAUSE OF ACTION

### VIOLATION OF TCPA, 47 U.S.C. § 227
("DNC Claim")

78.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

---

79.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

80.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

81.     47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

82.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is

maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

83. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the DNC Class never provided any form of consent to receive telephone calls from Defendant.

84. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC Class members received more than one telephone call in a 12-month period made by, or on behalf of, Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

85. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## XI.     ATTORNEYS' FEES

86. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

87. Plaintiff is entitled to recover reasonable attorney fees under Rule 23 of the Federal Rules of Civil Procedure and requests the attorneys' fees be awarded.

## XII.     JURY DEMAND

88. Plaintiff, individually and on behalf of the Classes, demands a jury trial on all issues triable to a jury.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a. An order certifying the Prerecorded Voice Class as defined above, appointing Plaintiffs as the representatives of the Prerecorded Voice Class, and appointing their counsel, ELLZEY & ASSOCIATES, PLLC as lead Class Counsel;

b. An order certifying the DNC Class as defined above, appointing Plaintiffs as the representatives of the DNC Class, and appointing their counsel, ELLZEY & ASSOCIATES, PLLC as lead Class Counsel;

c. An award of actual and statutory damages for each and every negligent violation to each member of the Prerecorded Voice Class pursuant to 47 U.S.C. § 227(b)(3)(B);

d. An award of actual and statutory damages for each and every negligent violation to each member of the DNC Class pursuant to 47 U.S.C. § 227(c)(5)(B);

e. An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Prerecorded Voice Class pursuant to 47 U.S.C § 227(b)(3)(B);

f. An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the DNC Class pursuant to 47 U.S.C § 227(c)(5)(B);

g. An injunction requiring Defendant and Defendant's agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Prerecorded Voice class, pursuant to 47 U.S.C. § 227(b)(3)(A);

h. An injunction requiring Defendant and Defendant's agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the DNC Class, pursuant to 47 U.S.C. § 227(b)(5)(A);

i. Pre-judgment and post-judgment interest on monetary relief;

j. An award of reasonable attorneys' fees and court costs; and

k. All other and further relief as the Court deems necessary, just, and proper.

Dated:  September 12, 2023

Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455