**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NELSON ESTRADA** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:23-cv-3407** |
| | § | |
| **ARAGON ADVERTISING, LLC, et al.** | § | |
| ***Defendant.*** | § | |

**DEFENDANT PYTHON LEADS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND ORIGINAL COUNTERCLAIM**

PYTHON LEADS, LLC ("Python"), by and through its undersigned counsel, files this, its Original Answer to Plaintiff's First Amended Complaint (the "Complaint") and Original Counterclaim

PYTHON denies each and every allegation in the Complaint unless expressly admitted or otherwise qualified, as follows:

## I. SUMMARY

1. In regards to Paragraph 2, PYTHON admits Plaintiff filed this action and seeks recovery under the Telephone Consumer Protection Act, 47 U.S.C. § 227, (the "TCPA") but denies Plaintiff is entitled to any such relief identified.

2. The allegations in Paragraph 2 do not relate to PYTHON. Thus, they are denied because PYTHON lacks knowledge or information sufficient to form a belief about the truth of those allegations.

3. PYTHON admits it is a limited liability company organized and existing under the laws of the State of Florida, but denies that its principal place of business is in Sarasota, Florida, as alleged in Paragraph 3.

4. The allegations in Paragraph 4 regarding Defendant Aragon Advertising, LLC ("Aragon") do not relate to PYTHON. Thus, they are denied. PYTHON admits that it provides its services to Aragon, but denies that it violated the TCPA.

5. PYTHON denies the factual allegations in Paragraph 5.

6. PYTHON admits Plaintiff seeks recovery under the TCPA but denies Plaintiff is entitled to any such relief identified. PYTHON further denies the remaining factual allegations in Paragraph 6.

7. PYTHON denies the factual allegations in Paragraph 7.

8. PYTHON denies the factual allegations in Paragraph 8.

## II. PARTIES

9. The allegations in Paragraph 9 do not relate to PYTHON. Thus, they are denied because PYTHON lacks knowledge or information sufficient to form a belief about the truth of those allegations.

10. The allegations in Paragraph 10 do not relate to PYTHON. Thus, they are denied because PYTHON lacks knowledge or information sufficient to form a belief about the truth of those allegations.

11. PYTHON admits that it is a limited liability company organized and existing under the laws of the State of Florida, but denies its principal place of business is in Sarasota, Florida. admits the remaining factual allegations in Paragraph 11.

12. PYTHON states that Paragraph 12 contains legal conclusions to which no response is required. PYTHON denies the factual allegations in Paragraph 12.

13. PYTHON states that Paragraph 13 contains legal conclusions to which no response is required. PYTHON denies the factual allegations in Paragraph 13.

## III. JURISDICTION AND VENUE

14. PYTHON states that Paragraph 14 contains legal conclusions to which no response is required. PYTHON specifically denies subject matter jurisdiction exists in this case as Plaintiff did not suffer any concrete harm as a result of the purported conduct of PYTHON in this case. Further, PYTHON states that 28 U.S.C. § 1331 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 14.

15. PYTHON states that Paragraph 15 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies that any unlawful conduct occurred, was directed to or emanated from the Southern District of Texas.

16. PYTHON states that Paragraph 16 alleges legal conclusions to which no response is required. PYTHON denies the factual allegations in Paragraph 16.

## IV. LEGAL BASIS FOR THE CLAIMS

17. PYTHON states that Paragraph 17 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that 47 U.S.C. § 227 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 17.

18. PYTHON states that Paragraph 18 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 18.

19. PYTHON states that Paragraph 19 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 19.

20. PYTHON states that Paragraph 20 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 20.

21. PYTHON states that Paragraph 21 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 21.

22. PYTHON states that Paragraph 22 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 22.

23. PYTHON states that Paragraph 23 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 23.

### A. Artificial or Prerecorded Voice Violations of the TCPA

24. PYTHON states that Paragraph 24 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that 47 U.S.C. § 227(b) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 24.

### B. Do Not Call Violations of the TCPA

25. PYTHON states that Paragraph 25 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that 47 U.S.C. § 227(c) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 25.

26. PYTHON states that Paragraph 26 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that 47 C.F.R. § 64.1200(c) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 26.

27. PYTHON states that Paragraph 27 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that 47 C.F.R. §§

64.1200(c)-(e) are federal statutes that speaks for themselves, and otherwise denies the allegations in Paragraph 27.

28. PYTHON states that Paragraph 28 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that 47 C.F.R. § 64.1200(c)(2)(ii) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 28.

## V. COMMON FACTUAL ALLEGATIONS

29. Many of the allegations in Paragraph 29 do not relate to PYTHON. Thus, they are denied because PYTHON lacks knowledge or information sufficient to form a belief about the truth of those allegations. PYTHON admits that it provides its services to Aragon, but denies that it violated the TCPA..

30. PYTHON denies the factual allegations in Paragraph 30.

31. PYTHON denies the factual allegations in Paragraph 31.

## VI. FACTS SPECIFIC TO PLAINTIFF

32. The allegations in Paragraph 32 do not relate to PYTHON. Thus, they are denied because PYTHON lacks knowledge or information sufficient to form a belief about the truth of those allegations.

33. PYTHON denies the factual allegations in Paragraph 33.

34. The allegations in Paragraph 34 do not relate to PYTHON. Thus, they are denied because PYTHON lacks knowledge or information sufficient to form a belief about the truth of those allegations. To the extent a response is deemed necessary, PYTHON states that 47 U.S.C. § 227(b)(1) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 34.

35. PYTHON denies the factual allegations in Paragraph 35.

36. PYTHON states that Paragraph 36 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations made in Paragraph 36.

37. PYTHON states that Paragraph 37 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations made in Paragraph 37.

38. PYTHON denies the factual allegations in Paragraph 38.

39. PYTHON denies the factual allegations in Paragraph 39.

40. PYTHON denies the factual allegations in Paragraph 40..

41. PYTHON admits Plaintiff is filing this lawsuit on behalf of the purported class but denies Plaintiff is entitled to the relief sought under the TCPA, and denies that Plaintiff has standing to seek relief on behalf of any purported class as alleged in Paragraph 41.

42. PYTHON admits Plaintiff is filing this lawsuit on behalf of members of the purported class but denies Plaintiff or is entitled to injunctive relief, statutory damages, or other costs including attorneys' fees, and denies that Plaintiff has standing to seek relief on behalf of any purported class as alleged in Paragraph 41.

## VII. STANDING

43. PYTHON denies the allegations in Paragraph 43 and denies Plaintiff has standing to bring this action on behalf of himself and the members of the putative class under Article III of the United States. PYTHON denies Plaintiff has incurred any injury, actual harm, or damages. PYTHON further denies Plaintiff's claim is likely to be redressed by a favorable decision.

### A. INJURY IN FACT

44. PYTHON denies the allegations in Paragraph 44 and denies Plaintiff has standing to bring this action on behalf of himself and the members of the putative class under Article III of

the United States. PYTHON denies Plaintiff has incurred any injury, actual harm, or damages. PYTHON further denies Plaintiff's claim is likely to be redressed by a favorable decision.

45. PYTHON states that Paragraph 45 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON states that Article III of the Constitution speaks for itself, and otherwise denies the allegations in Paragraph 45.

46. PYTHON states that Paragraph 46 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 46.

47. PYTHON states that Paragraph 47 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 47. PYTHON also notes that Third Circuit precedent is not binding on this Court.

48. PYTHON states that Paragraph 48 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 48.

**B. TRACEABLE TO THE CONDUCT OF DEFENDANTS**

49. PYTHON states that Paragraph 49 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 49.

50. PYTHON denies the allegations in Paragraph 52.

51. PYTHON states that Paragraph 51 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 51.

### C. Injury Likely to be Redressed by a Favorable Judicial Opinion

52. PYTHON states that Paragraph 52 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 52.

53. PYTHON states that Paragraph 53 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 53.

## VIII. CLASS ACTION ALLEGATIONS

### A. Class Allegations

54. PYTHON states that Paragraph 55 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the class defined in Paragraph 54 can or should be certified because it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. PYTHON further denies Plaintiff may maintain this action as a class action or that Plaintiff is an adequate class representative. PYTHON denies the remaining allegations in Paragraph 54.

55. PYTHON states that Paragraph 55 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 55.

56. PYTHON admits Plaintiff is seeking to recover damages, statutory penalties, and injunctive relief on behalf of the putative class but denies Plaintiff is entitled to any such relief. PYTHON denies the remaining allegations in Paragraph 56.

57. PYTHON states that Paragraph 57 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 57.

58. PYTHON denies the allegations in Paragraph 58.

### B. NUMEROSITY

59. PYTHON states that Paragraph 59 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding the impracticability of joining of other individuals. PYTHON denies the remaining allegations in Paragraph 59.

60. PYTHON denies the allegations in Paragraph 60.

### C. COMMONALITY AND PREDOMINANCE

61. PYTHON denies the allegations in Paragraph 61.

62. PYTHON denies the allegations in Paragraph 62 including subsections (a) – (e).

63. PYTHON denies the allegations in Paragraph 63 including subsections (a) – (e).

### D. TYPICALITY

64. PYTHON lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 64.

65. PYTHON denies Plaintiff sustained damages. PYTHON lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 with respect to other members of the putative class. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 65.

### E. ADEQUATE REPRESENTATION

66. PYTHON denies the allegations in Paragraph 66.

67. PYTHON denies the allegations in Paragraph 67.

### F. Policies Generally Applicable to the Classes

68. PYTHON denies the allegations in Paragraph 68.

69. PYTHON denies the allegations in Paragraph 69.

### G. Superiority

70. PYTHON denies the allegations in Paragraph 70.

71. PYTHON denies the allegations in Paragraph 71.

72. PYTHON denies the allegations in Paragraph 72.

73. PYTHON denies the allegations in Paragraph 73.

74. PYTHON denies the allegations in Paragraph 74.

## IX. FIRST CAUSE OF ACTION

Violation of TCPA, 47 U.S.C. § 227(b)
("Prerecorded Voice Claim")

75. PYTHON incorporates herein by reference its responses and denials to paragraphs 1 through 74 as if fully restated herein.

76. PYTHON states that Paragraph 76 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 76.

77. PYTHON denies the allegations in Paragraph 77.

78. PYTHON denies the allegations in Paragraph 78.

79. PYTHON denies the allegations in Paragraph 79.

## X. SECOND CAUSE OF ACTION

Violation of TCPA, 47 U.S.C. § 227
("DNC Claim")

80. PYTHON incorporates herein by reference its responses and denials to Paragraphs 1 through 79 as if fully restated herein.

81. PYTHON states that Paragraph 81 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 81.

82. PYTHON states that Paragraph 82 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 82.

83. PYTHON states that Paragraph 83 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, PYTHON denies the allegations in Paragraph 83.

84. PYTHON denies the allegations in Paragraph 84.

85. PYTHON denies the allegations in Paragraph 85.

86. PYTHON denies the allegations in Paragraph 86.

87. PYTHON denies the allegations in Paragraph 87.

## XI. ATTORNEYS' FEES

88. PYTHON incorporates herein by reference its responses and denials to paragraphs 1 through 87 as if fully restated herein.

89. PYTHON denies the allegations in Paragraph 89.

## XII. JURY DEMAND

90. PYTHON denies that Plaintiff has asserted any triable issues requiring a jury trial.

## XIII. PRAYER FOR RELIEF

91. PYTHON denies Plaintiff is entitled to the requested relief sought including subsections (a) – (k).

## XIV. AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the

alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. PYTHON reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. PYTHON asserts the following specific defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against PYTHON are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by PYTHON.

3. PYTHON had prior express consent to contact Plaintiff.

4. PYTHON did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

5. PYTHON avers that members of the proposed classes have provided express consent or entered into other customer transactions with PYTHON.

6. Plaintiff lacks Article III standing to bring this action because Plaintiff did not suffer an injury-in-fact as a result of PYTHON'S alleged conduct.

7. Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

8. To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

9. Plaintiff's claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

10. Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

11. To the extent there was any violation of the TCPA, which PYTHON denies, PYTHON is not liable for any such violation because PYTHON established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, and therefore such violation was not willful or knowing.

12. PYTHON is informed and believes that Plaintiff's claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

13. PYTHON did not willfully or knowingly contact Plaintiff issue without prior express consent. To the extent that there was any violation of the TCPA, which PYTHON denies, PYTHON shall be liable for no more than a $500.00 penalty, as PYTHON denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

14. To the extent there was any violation of the TCPA, which PYTHON denies, PYTHON shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

15. PYTHON is informed and believes that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call or text for which Plaintiff claims a violation.

16. PYTHON's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

17. The allegations of the Complaint, and the purported cause of actions alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous, and unintelligible, and fail to meet the applicable pleading requirements.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

19. PYTHON acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

20. Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject contacts occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities acting on their respective behalf.

21. Plaintiff's claims fail because PYTHON does not provide any services or goods for purchase, investment, or rental. Any calls or texts made on PYTHON's behalf, therefore, cannot fall under the protections of the TCPA.

22. PYTHON is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, PYTHON reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

## XV. COUNTERCLAIMS

23. PYTHON hereby asserts the following Counterclaims against Plaintiff. These counterclaims are made in addition to PYTHON's Answer because PYTHON maintains that it is not liable under the TCPA, and because all calls made to Plaintiff's wireless/cellular telephone number were made with his, his alter ego, or his designee's prior express consent. PYTHON sets forth as follows:

## XVI. PARTIES

24. PYTHON is a limited liability company organized under the laws of Florida.

25. Plaintiff/Counterclaim Defendant Nelson Estrada ("Plaintiff") is an individual,

and resident of the State of Texas.

## XVII. FACTS

26. Plaintiff is a serial TCPA litigant who repeatedly files lawsuits and engages different area law firms. A PACER search suggests he has filed another TCPA case with a different law firm a month prior to filing the instant case.[1]

27. In this case, on or around November 16, 2022, Plaintiff or his designee visited https://securemedicareenrollment.com and gave prior express consent to call his telephone number, (281) XXX-0200. In reliance on such express content, PYTHON contacted Plaintiff.

28. The contact information provided by Plaintiff or his alter ego or his designee on the https://securemedicareenrollment.com website included the name of "Sam Smith," but the phone number provided was unmistakably Plaintiff's (281) XXX-0200 phone number.

29. Using the fake name of "Sam Smith," Plaintiff accurately provided his phone number in order to purposefully and intentionally receive these "unwanted" phone calls.

30. The IP address associated with that website opt-in is tied to an Internet connected device in Houston, Texas.

31. On information and belief, the only person who benefited from the phone calls at issue was Plaintiff himself.

32. On information and belief, Plaintiff, his alter ego "Sam Smith", or his designee provided this information so that Plaintiff would receive calls so that he could claim the calls were unwanted, even though no other person would benefit.

33. The form on https://securemedicareenrollment.com also included a click-box to establish the user's consent to receive phone calls and/or text messages by automated technology or artificial or pre-recorded calls. This box was checked for Plaintiff's opt-in, and thus prior

[1] *See Estrada v. American Police Officers Alliance*, 4:23-CV-02890 (S.D. Tex. Aug. 7, 2023).

express consent was provided for parties to use automated technology to place phone calls, text messages, or prerecorded voice calls to Plaintiff's (281) XXX-0200 phone number.

34. After receiving prior express consent to call Plaintiff's phone number, Plaintiff began receiving calls on or about November 16, 2022.

35. Upon information and belief, Plaintiff would pretend to be interested in certain products and services, thereby driving up the call count that he would use to extract a higher settlement payout for his manufactured TCPA claim.

36. Upon information and belief, Plaintiff either falsely identified himself as "Sam Smith" on the opt-in form, or had another person, a "Sam Smith" or otherwise, complete the opt-in form on his behalf to prompt calls to him.

37. Plaintiff therefore knew, before filing this suit on September 12, 2023 that either he or some third party on his behalf, had opted-in to receive phone calls at (281) XXX-0200, the very same phone calls that serve as the basis of his Complaint against PYTHON.

38. On information and belief, this was a setup made under false pretenses.

39. Plaintiff knew that he opted in to receive phone calls, and that businesses like PYTHON would rely on that TCPA-compliant opt-in to place phone calls to his number.

40. Plaintiff intentionally failed to simply ask to stop the phone calls he was receiving in order to drive up his perceived case value and then filed suit falsely claiming that the phone calls were unsolicited in his broader campaign to collect money under false pretenses via his TCPA claims.

41. PYTHON reasonably relied on the fact that the user of phone number (281) XXX-0020 had consented to receive phone calls, and that Plaintiff continued to want to receive callbacks by continuing to act interested.

42. PYTHON took actions based on Plaintiff's consent and fake, continued interest to

including incurring costs for employee time, telemarketing services, obtaining leads, and resources.

43. In addition, PYTHON has now been required to engage attorneys and incur costs associated with defending against Plaintiff's spurious and fraudulently induced lawsuit—all based on its reasonable reliance on Plaintiff's consent to receive phone calls.

## XVIII. CAUSE OF ACTION – COMMON LAW FRAUD

44. PYTHON incorporates the previous paragraphs as if fully set forth here.

45. Plaintiff has committed common-law fraud against PYTHON because he made material, and continuous false representations to PYTHON that he knew were false and that he intended PYTHON to rely upon. PYTHON relied on those representations to its detriment and was injured as a result.

46. Specifically, Plaintiff knew or had reason to know before his filing of this suit that he, using his alter ego and/or his designee using the name "Sam Smith" affirmatively gave PYTHON and/or third parties consent to receive phone calls from PYTHON at the phone number (281) XXX-0200.

47. This representation was made with knowledge that Plaintiff wanted to receive phone calls at his (281) XXX-0200 number so that he could use those calls as the basis for his manufactured TCPA claim.

48. Plaintiff intended PYTHON and/or third parties to rely on those representations so that PYTHON and/or third parties would then make calls that they reasonably believed Plaintiff or "Sam Smith" had requested.

49. Plaintiff then took additional steps to ensure that PYTHON would rely on these representations by feigning interest in PYTHON's calls.

50. Plaintiff, on information and belief, made these representations not to do business

with PYTHON or any of its affiliates, but rather to induce it to continue to call him. PYTHON relied on these representations by expending both employee time and resources to call Plaintiff on his provided telephone number.

51. Despite knowing about his or "Sam Smith's" opt-in, Plaintiff continues his misrepresentations by claiming the phone calls were "unsolicited" in his lawsuit.

52. Plaintiff then sued based on these misrepresentations, causing PYTHON to incur attorneys' fees and other costs in defending this spurious, manufactured lawsuit.

## XIX. CAUSE OF ACTION – FRAUD BY NONDISCLOSURE

53. Alternatively, Plaintiff knew or had reason to know prior to his filing of this suit that he and/or his designee using the name "Sam Smith" affirmatively gave PYTHON consent to receive phone calls from PYTHON.

54. Plaintiff took no actions to correct that opt-in, including failing to ask to be place on PYTHON's Do Not Call list.

55. Plaintiff perpetuated this non-disclosure and failure by deliberately acting interested on phone calls with PYTHON without once informing PYTHON of any request to cease communications.

56. To the extent Plaintiff did not wish to receive phone calls at phone number (281) XXX-0200, he intentionally concealed from or failed to disclose that fact to PYTHON.

57. Because Plaintiff was the person with the most knowledge related to whether he wished to receive phone calls at his phone number (281) XXX-0200, and because he was well aware of potential liability under the TCPA, Plaintiff had a duty to disclose to PYTHON that he did not wish to receive the phone calls.

58. Plaintiff's failure to disclose his alleged desire to not receive phone calls was material because he knew or should have known that PYTHON was relying on an opt-in and/or

Plaintiff's own interest.

59. Plaintiff also knew that PYTHON would be ignorant of the fact that Plaintiff allegedly did not wish to receive the phone calls, and that PYTHON would not have had an opportunity to discover that fact without Plaintiff telling PYTHON.

60. Plaintiff, however, was intentionally silent when he had a duty to speak, and even went so far as to bait PYTHON into calling him back to solicit additional phone calls that he now alleges were "unsolicited."

61. By failing to disclose that he allegedly did not wish to receive phone calls, Plaintiff intended PYTHON to place phone calls that it believed had been requested and consented to by Plaintiff.

62. PYTHON expended both employee time and resources based on Plaintiff's failure to disclose.

63. Despite knowing about his or "Sam Smith's" opt-in and failing to disclose to PYTHON that he allegedly did not want to receive the phone calls, Plaintiff later claimed that those messages were "unsolicited" in his lawsuit.

64. Plaintiff then sued PYTHON based on his failure to disclose, causing PYTHON to incur attorneys' fees and costs in defending against this spurious suit.

## XX. JURY TRIAL DEMAND

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PYTHON demands trial by jury of all issues so triable.

## XXI. CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, PYTHON prays that Plaintiff's claims be dismissed with prejudice, any and all relief requested by Plaintiff be denied, and that judgment be entered against Plaintiff with prejudice. PYTHON further pray for an award of attorneys' fees, costs, and interest, and also for

all such other and further relief to which they show themselves entitled or which the Court otherwise finds appropriate. PYTHON further prays that the Court enter a judgment that Plaintiff is liable for common law fraud and/or fraud by nondisclosure, and award PYTHON actual damages, exemplary damages, interest, costs, attorneys' fees, and other litigation expenses, and for all other relief, at law and equity, to which PYTHON may show itself entitled.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By: */s/ Michael A. Harvey*
**Michael A. Harvey**
State Bar No. 24058352
**Earl L. Ingle**
State Bar No. 24097234
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4075
Fax: (713) 222-1475
mharvey@munsch.com
eingle@munsch.com
**ATTORNEYS FOR DEFENDANT PYTHON ADVERTISING, LLC**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system and/or by email on this 26th day of August, 2024.

Jarrett L. Ellzey
jarrett@ellzeylaw.com
Leigh S. Montgomery
leigh@ellzeylaw.com
Alexander G. Kykta
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
***Attorneys for Plaintiff and those similarly situated***

*/s/ Michael A. Harvey*
Michael A. Harvey