**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NELSON ESTRADA,** *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**ARAGON ADVERTISING, LLC and PYTHON LEADS, LLC,**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:23-cv-3407 |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PYTHON LEADS, LLC'S COUNTERCLAIMS**

Plaintiff NELSON ESTRADA ("Plaintiff" or "Estrada") hereby answers the counterclaims asserted by PYTHON LEADS, LLC ("Python"). (Doc. No. 31.)

**XV. COUNTERCLAIMS**

23. Admitted in part and denied in part. Specifically, Plaintiff admits Python asserts counterclaims against Plaintiff, but denies those claims have merit or that he consented to calls from Python or Aragon.

**XVI. PARTIES**

24. Admitted.

25. Admitted.

**XVII. FACTS**

26. Denied as stated. Specifically, Plaintiff denies being a "serial litigant" and further denies that filing multiple TCPA cases is relevant as to the merits of a given case.

27. Denied. Plaintiff denies visiting said website or providing Python with "express written consent" to place telemarketing calls.

28. Denied. Plaintiff denies visiting said website or providing Python with "express written consent" to place telemarketing calls.

29. Denied. Plaintiff denies visiting said website, entering a fake name or alias online, or providing Python with "express written consent" to place telemarketing calls.

30. Admitted upon information and belief. That IP address appears to be associated with a Comcast account, and has never been used by Plaintiff.

31. Denied. Plaintiff found the calls to be irritating and distracting as they were soliciting products and services he did not want or need.

32. Denied. Plaintiff did not instruct or authorize any person to submit his phone number to any online healthcare lead generation site, including securemedicareenrollment.com.

33. Denied. Plaintiff denies submitting said form online, or authorizing or directing any person to do so.

34. Admitted in part and denied in part. Plaintiff admits to receiving calls beginning around November 16, 2022. Plaintiff denies providing express written consent to those calls.

35. Denied. Plaintiff engaged with the calling party for the sole purpose of identifying who was calling.

36. Denied.

37. Denied.

38. Denied. Specifically, Plaintiff denies any such scheme took place.

39. Denied. Plaintiff denies that he opted in to receive phone calls or knowledge Python would rely on any "opt in."

40. Denied. Plaintiff denies wanting to receive calls and further denies the TCPA imposes a duty to mitigate.

41. Denied. To the contrary Python Leads has a well documented history of procuring and selling bad leads under the pretense such leads included "express written consent", which has led to indemnity suits and third-party claims. *See e.g., Direct v. Python Leads, LLC*, No. 8:23-cv-2093 (M.D. Fl.). In fact,

42. Denied. Plaintiff did not ever provide his name, phone number or other identifying information on a Medicare or healthcare website. Plaintiff stayed on the phone and engaged with the calling party for the sole purpose of identifying who it was that was calling him without consent.

43. Denied as stated. While Python has retained counsel to defend the TCPA claim, Plaintiff denies any fraudulent or untoward conduct. Plaintiff sued Python because Python violated the TCPA.

## XVII. CAUSE OF ACTION- COMMON LAW FRAUD

44. No response to this paragraph is required.

45. Denied. This paragraph consists of legal conclusions to which no response is required. To the extent a response is warranted, Plaintiff denies any fraudulent conduct and further denies any injury by Python as a result.

46. Denied. This paragraph consists of legal conclusions to which no response is required. To the extent a response is warranted, Plaintiff denies any fraudulent conduct and further denies any injury by Python as a result.

47. Denied. This paragraph consists of legal conclusions to which no response is required. To the extent a response is warranted, Plaintiff denies that he wanted to receive calls.

48. Denied. This paragraph consists of legal conclusions to which no response is required. To the extent a response is warranted, Plaintiff denies that he invited calls.

49. Denied. This paragraph consists of legal conclusions to which no response is required. To the extent a response is warranted, Plaintiff denies he engaged with Python's representative during calls for the purpose of inviting more calls, but for the purpose of identifying who was calling him unlawfully.

50. Denied. Plaintiff denies "inducing" Python to call him. Plaintiff is without sufficient information to admit or deny the time or resources expended by Python in connection with calls to Plaintiff.

51. Denied. Plaintiff denies it is a "misrepresentation" to characterize the calls as "unsolicited."

52. Denied. Plaintiff denies making misrepresentations and denies his TCPA claims are "manufactured" or "spurious."

**XIX. CAUSE OF ACTION- FRAUD BY NONDISCLOSURE**

53. Denied.

54. Denied as stated. Plaintiff denies knowledge of any "opt in" and further denies the TCPA imposes any duty to mitigate.

55. Denied as stated. Plaintiff denies perpetuating any "non-disclosure" and further denies the TCPA imposes any duty to mitigate.

56. Admitted in part and denied in part. Plaintiff admits he did not tell Python to stop calling, rather stayed on the phone. Plaintiff denies any obligation to instruct the calling party to stop calling, as "consent" is a calling party's burden of proof. Responding further, Plaintiff engaged with Python and stayed on the phone because he wanted to confirm the identity of the

calling party and could not do so if he hung up or told them to stop calling.

57. Denied as a conclusion of law to which no response is required.

58. Denied. Plaintiff denies providing any "opt-in" or instructing or authorizing any person to submit an "opt-in" on his behalf, and further denies any "interest" in receiving telemarketing calls.

59. Denied. Plaintiff denies knowledge of Python's state of mind or that he wanted to receive the calls at issue.

60. Denied. Plaintiff denies any duty to speak, as the TCPA does not impose a duty to mitigate harm. Plaintiff reiterates that the calls from Python were unsolicited.

61. Denied. Plaintiff denies any intent for Python to place telemarketing calls to him.

62. Denied. Plaintiff denies any duty to disclose he did not want to receive calls. Rather, a calling party has an obligation to obtain express written consent of the called party. Plaintiff further denies that he invited or baited calls from Python. Rather, he found the calls irritating and engaged with the calling party for the sole purpose of identifying the source of the calls.

63. Denied. Plaintiff denies that he or any person with whom he is acquainted submitted his phone number on any healthcare or insurance website. The remaining allegations are further denied.

64. Admitted in part and denied in part. Plaintiff admits he filed this TCPA lawsuit but denies that the suit is "spurious". Plaintiff is without knowledge as to the fees incurred by Python.

## XX. JURY TRIAL DEMANDED

65. Plaintiff admits Python has demanded a jury trial.

**AFFIRMATIVE DEFENSES**

1. Python fails to state a claim upon which relief can be granted.
2. Python lacks an injury in fact traceable to Plaintiff's alleged acts or omissions.
3. Python has no discernable damages arising out of the acts or omissions of Plaintiff.
4. Python's claims are barred by unclean hands.
5. Python's claims were filed with the intent of chilling consumers such as Plaintiff from exercising their rights prescribed by Congress.

WHEREFORE, Plaintiff, Nelson Estrada seeks judgment in his favor as to all counterclaims asserted by Python Leads, LLC, for those counterclaims to be dismissed and for fees and costs to be awarded in favor of Plaintiff against Python Leads, LLC.

KIMMEL & SILVERMAN, P.C.
*/s/ Jacob U. Ginsburg*
Jacob U Ginsburg
30 E. Butler Ave.
Ambler, PA 19002
Phone: 267-468-5374
jginsburg@creditlaw.com

ELLZEY& ASSOCIATES, LLP

Jarrett Lee Ellzey
1105 Milford Street
Houston, TX 77006
713-322-6387
Jarrett@ellzeylaw.com

*Attorneys for Plaintiff*

Dated: April 2, 2025

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the above written date, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Jacob Ginsburg*
Jacob Ginsburg